IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHARON PRICE,<br> Petitioner, | § § § | |
| VS. | § | Civil Action No. 4:12-CV-215-Y |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br> Respondent. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Sharon Price, Reg. No. 11328-078, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

C. PROCEDURAL HISTORY

Petitioner is serving a 235-month term of imprisonment for her 2006 conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), in the United States District Court for the Western District of Texas, Waco Division, cause number W-04-CR-195(03). *See United States v. Price*, PACER, U.S. Party/Case Index, Criminal Docket for # 6:04-CR-00195-WSS-3. Her conviction involved her using proceeds from illegal drug activity to buy cars. Petitioner appealed her conviction and has sought postconviction relief via 28 U.S.C. § 2255 and 18 U.S.C. § 3582, to no avail. *Id.* This is petitioner's second petition under § 2241 challenging her 2006 conviction filed in this division where she continues to serve her sentence. *See Price v. Keffer*, Civil Action No. 4:10-CV-611-Y (challenging conviction under *Skilling v. United States*, — U.S. —, 130 S. Ct. 2896 (2010)). The government has filed a motion to dismiss the petition for lack of jurisdiction.

D. DISCUSSION

*1. Jurisdiction*

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See*

28 U.S.C. § 2255. The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) his or her claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.

## *2. Petitioner's Claim*

Petitioner claims that she is innocent of the money laundering offense and/or was convicted of a nonexistent offense under the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008). In *Santos*, the Supreme Court, in a plurality opinion, held that the term "proceeds," in the context of an illegal gambling operation, means profits, rather than receipts, of the unlawful operation. 553 U.S. at 514. Thus, the costs "fairly attributable" to an unlawful activity do not represent proceeds for purposes of 18 U.S.C. § 1957(f)(2). This definition of "proceeds" avoids a potential "merger problem" by which the underlying illegal activities would also constitute money laundering when the offenses involved transactions in which receipts were passed on to someone else. *Id.* at 515-17.

First, petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. Petitioner's conviction became final on October 29, 2007. *See United States v. Price*, PACER, U.S. Party/Case Index, Criminal Docket for # 6:04-CR-00195-WSS-3, entry no. 471. She raised her claim under *Santos,* which was decided on June 2, 2008, in the convicting

3

court in a § 2255 motion filed on December 29, 2008, which was beyond the one-year limitations period for filing a § 2255 motion. *Id.* The court determined that, even if *Santos* recognizes an applicable new right under § 2255(f)(3), an exception to the one-year statute of limitations, the right had not been made retroactive by the Supreme Court. Thus, the court concluded petitioner's claim did not fall within the exception and was thus untimely. Relief under § 2255 is not inadequate merely because a prisoner has filed a prior unsuccessful motion to vacate or is unable to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations. *See Pack*, 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Second, although the Fifth Circuit has since held *Santos* applies retroactively to cases on collateral review for purposes of the savings clause, petitioner cannot satisfy the requirement that she may have been convicted of a nonexistent offense. *See Garland*, 615 F.3d at 394; Reyes-Requena, 243 F.3d at 904. Petitioner's case involves laundering the proceeds of the sale of illegal drugs. Under these circumstances, the Fifth Circuit has held that "proceeds" means "receipts" rather than "profits," and "*Santos* does not have the effect of undermining" a petitioner's money laundering conviction." *Wilson v. Roy*, 643 F.3d 433, 435-37 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1062 (2012).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted, and the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

4

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August __7__, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until August __7__, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

5

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July __17__, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE